Judge Mills
delivered the Opinion of the Court,
John Farrow was entitled to a settlement and preemption in the present county of Madison, the settlement of which was patented in his own name, and the pre-emption in the name of Robert Renton, to whom he afterwards gave his. bond to convey the settlement also.
Benton then sold the whole to Samuel Mitchell, who sold a small portion thereof, say fifty acres, to John Maupin, the defendant in error, and then executed a letter of-attorney to Stephen White, who was coining to this state, authorizing him to sell and convey the whole of it, except such parts as he himself had previously conveyed.
Whilst White was in this country endeavoring to sell the land, Samuel Mitchell, sold the whole to Richard Mitchell, his brother, and assigned to him Benton’s bond for a conveyance, and the said Richard executed to Samuel, at the same time, a writing, certifying that he had purchased all the land, except what Samuel Mitchell, had theretofore sold, and what Stephen White the’ agent might sell, while in ‘Kentucky, in the month of the next ensuing March.
‘White sold to Maupin, the now defendant, raor® of said land, part of said settlement, and also, part of the pre-emption, which together with what Samuel Mitchell had theretofore sold him, made the whole 181 acres, and executed a deed therefor, as if his principal had the legal estate. This deed bears date on the last day of March 1809, and was acknowledged in the proper office on the first day of’ April.
Richard Mitchell some time afterwards applied to Benton and Farrow, and obtained from them a conveyance of the whole land.
Maupin finding himself not possessed of the legal estate by virtue of his conveyance from White, the *186 agent, and being in possession of tiie land, fifed bis bii! against Richard and Samuel Mitchell, or rather the heirs of the iatter, JBcnton and Farrow, to obtain a conveyance, and having made publication against them as non-residents, took a decree by default for a conveyance, which was afterwards executed to him by a commissioner under the order of the court.
Rioliard 'Mitchell’sappoaraucc and answer.
Decree of the circuit court.
Allegations of an answer not responsive to the bill must be proved.
Deeds of conveyance prove the facts ¡.hey recite — between the parties, not others.
*186 Some time afterwards, Richard Mitchell appeared and obtained leave to file his answer and contest the decree, according to the provisions of the act of assembly which permits such appearance; and,
In that answer he insists that the sale to Maupin is not early enough to come withiu the exceptions of the w riting which he gave to Samuel Mitchell, and that if it is, Samuel had not paid Benton any l.hing.for the land, and on his application to Benton for the legal estate, Benton refused to convey unless he, Richard, would pay the purchase money, which he had to do, to the amount of glfiOO or gáOOO; of course he claims to be a purchaser from Benton and Farrow de novo, and disclaims holding under Samuel Mitchell, and therefore contends lie is not bound to convey to the complainant.
On a final bearing the court below confirmed the former decree, and to this decree, this writ of error is' prosecuted.
It is alleged in the bill that Samuel Mitchell had paid Benton. This is denied in the answer. But so far as the answer goes on to state the payment of the money by Rioliard Mitchell it is affirmative, and not responsive to the bill, and the proof thereof lies upon Richard Mitchell, and he has adduced no ]>roof except the two conveyances which-hehas produced, the one from Benton for the pre-emption, and the other from Farrow for the settlement, each of which acknowledges a consideration paid of one thousand dollars.
Deeds made between the same parties are evidence conclusive, in many particulars, and even as to that of consideration. Bui. (b eds made by others to one, of the parties, and adduced in c-\ idcnce as these are, to operate on the opposite party, are, if evidence at ail, very weak as to the facts they state. They aw *187 Evidence that such deeds were executed, but they must be feeble evidence as to the facts they recite. Besides when it is recollected that the'consideration recited wojd.d be the. same to Benton whether it passed from Richard or Samuel, and that the deed from Farrow recites the same consideration, when it is not pretended by him that he paid Farrow any thing, but that Farrow received his 'consideration from Benton, we cannot say that his conveyances establish any thing in his favor.
When deeds from other persons 10 one of the parties me introduced by him, they only prove that ‘ such deeds were executed.
Where a faot charged in the bill and not denied in the answer must, if true, be in defendant s knowledge, it must be taken as true.
On the admission of a bond for the conveyance of land, saying nothing of a counter boqd for thp purchase money, Ihe presumetion is, it has been paid.
Two witnesses not required to overturn an answer whore the fact may not be in defendant’s knowledge.
Wo have said that the fact of payment made by Richard Mitchell is affirmative in his answer» and under the circumstances of this case, we conceve it must be so considered. These circumstances are not only sufficient to place on him the burden of proof as to his having paid the consideration; but are sufficient to sustain the affirmative of Maupin that Samuel Mitchell paid the consideration. \Ve allude to the fact of Samuel Mitchell holding (he bond of Benton which was assigned to Richard Mitchell when he bought of Samuel, which is specially charged in the bill — and is a fact which must be within the said Richard’s own knowledge, and is not denied by him, and according to previous decisions of this court, such facts not denied in the answer, must be taken as true.
If then there was.a bond for the conveyance, and no counter obligation is shewn securing the purchase tnoney, .according to well settled principles, the bond perse, must be taken as evidence of consideration, and as such must be treated. Add to this that the writing produced executed by Richard Mitchell to Samuel, explicitly acknowledges that Samuel had bought from Bcntdn without hinting a lark of payment of the consideration, and that he, Richard, had purchased of Samuel. Hence we conclude that the presumption is fair that Samuel Mitchell had paid the purchase money, notwithstanding the denial of Richard Mitchell’s answer.
For we cannot admit, as seems to be contended by the counsel for the plaintiffs in error, that two witnesses, or one with corroborating circumstances, are necessary to overturn the denial in an answer of a fact which hlco this may not be in the knowledge of the person denying it.
An attorney empowered to soil anti convoy all of ce'rialn lands not before sold and convoyed, may convey n parcel before sold by principal.
Bill for (ho legal title by bargainee against the bargainee who had executed a deed, ■without having: title vs. persons, on whom alien- or bide! obligations, and another who had improperly obtained the conveyance to himself from them, is not a suit for specific performance, and to bo governed by i.ts principios.'
It is necessary, in a, bill for specific performance, to shew the consideration paid.
But when the defendant holding the legal title has attain ctl p in such manner' as not to be entitled to stand in the shoes of vendor he cannot, raise the question.
*188 This relieves us from the necessity of enquiring into the admissibility of other evidence produced by Maupin, to shew that the payment was made by Samuel which has been contested by the counsel for the plaintiffs in error.
it is also contended that as part of the 181 acres held by Maupin, was bought by him as appears in the proof, though not named in the bill, of Samuel Mitchell himself, and therefore could not be conveyed by White. By an inspection of White’s letter of attorney it will be seen that he was authorized to sell and convey all lands which he himself had not previously conveyed. This is deemed by us sufficint to authorize him to convey, what his principal had previously sold, but had not conveyed.
The remaining point relied on, worthy of notice, to reverso this decree, is, ¡hat this is a bill essentially for a specific performance, and that it was necessary for the complainant to aver in his bill the payment of the purchase money by himself to Samuel Mitchell or his agent for tiie land he claims and not having done so he cannot succeed ; or if he can, that it ought to be on the payment of tiie balance of the purchase money, which appears by the proof to bo due.
The bilí appears to bo drawn with an eye directed to tiie contest with Richard Mitchell, and to draw from him the legal title which ho had wrongfully obtained, and does not seem to admit any difficulty between the complainant and Samuel Mitchell, against whom no impropriety is charged, and the bill is silent as to any special charge of payment as to. him, except what the deed by the agent shows, which is made part of the bill, and in the usual terms, admits a full consideration.
It may be admitted that it is necessary in a bill for specific performance to shew that the consideration is paid or its payment prevented, or rendered unnecessary by the terms of the contract or the acta of the opposite party.
This however cannot he termed a bill for specific performance. It is a bill to compel the title from a party who has obtained it wrongfully and has not tiie merit of standing in the shoes of the person from, whqrn he obtained it; For as to all the land *189 daimed by Maupin, lie did not contract for it with Samuel Mitchell, but excepted it out of the contract, and then by the improper use of the conveyance bonds, obtained the legal estate which to him is a mere shell. If Maupin has not paid to Samuel Mitchell, Richard Mitchell has no interest in what is due. It could not be decreed to him. It is a question which must operate in favor of the heirs of Samuel Mitchell, who do not contend for it.
In such case, tho acknowledgment of tho consideration in the deed of vendor to complainant, is at least prime facia against him.
Defendant having agreed in’ consideration of plaintiff’s withdrawal of an assignment of error as to tho regularity of the proceed, ings to pay the costs— decreed accordingly.
Turner for plaintiff; Caperton for defendant.
As they are silent the deed of conveyance held by Maupin, reciting a consideration paid to the agent of their ancestor, is sufficient evidence against them that nothing is due, in the absence of all controversy about this matter in the pleadings; and if this proof is sufficient against them it must consequently silence the right of Richard Mitchell to controvert it, as the want of that payment cannot injure his interest.
Upon the whole case, therefore, on the errors now submitted, the decree of the court below must be affirmed.
But it lias been agreed by the parties that the first error assigned, which reached the regularity of the proceedings, and was supposed to be dangerous to the decree, should be withdrawn and not considered by the court, and that for such withdrawal the defendant in error should pay the costs. In pursuanee to this agreement the costs must be decreed accordingly.